IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CONSUMERS' RESEARCH, CAUSE )
BASED COMMERCE, INC., EDWARD )
J. BLUM, KERSTEN CONWAY, )
SUZANNE BETTAC, ROBERT KULL, )
KWANG JA KIRBY, TOM KIRBY, )
JOSEPH BAYLY, JEREMY ROTH, )
DEANNA ROTH, LYNN GIBBS, )
PAUL GIBBS, and RHONDA )
THOMAS, )
 )
      Petitioners, )
 )
    v. ) No. 23-_____
 )
FEDERAL COMMUNICATIONS )
COMMISSION and THE UNITED ) Agency CC Docket No. 96-45
STATES OF AMERICA, ) Agency No. DA-23-1156
 )
      Respondents. )

U.S. COURT OF APPEALS
RECEIVED
Dec 31, 2023
FIFTH CIRCUIT

PETITION FOR REVIEW

Pursuant to 5 U.S.C. § 706, 47 U.S.C. § 402, 28 U.S.C. §§ 2342–2344, and Federal Rule of Appellate Procedure 15(a), Consumers' Research, Cause Based Commerce, Inc., Edward J. Blum, Kersten Conway, Suzanne Bettac, Robert Kull, Kwang Ja Kirby, Tom Kirby, Joseph Bayly, Jeremy Roth, Deanna Roth, Lynn Gibbs, Paul Gibbs, and Rhonda Thomas (collectively, "Petitioners") hereby petition this Court for review of the United States Federal Communications Commission's ("FCC") approval ("Approval") of the *Proposed First Quarter 2024 Universal*

1

*Service Contribution Factor*, CC Docket No. 96-45, DA-23-1156 (rel. Dec. 14, 2023) ("Proposed USF Tax Factor"), and for review of the Proposed USF Tax Factor. A copy of the Proposed USF Tax Factor is attached as Exhibit A. As explained below, no separate document was issued when the Proposed USF Tax Factor was deemed approved by the FCC on the expiration of December 28, 2023.

On November 7, 2023, Petitioners submitted to the FCC their objections explaining why the proposed tax is illegal and should be rejected. The Proposed USF Tax Factor was released on December 14, 2023. Later that same day, Petitioners again submitted to the FCC their objections explaining why the proposed tax is illegal and should be rejected. Pursuant to 47 C.F.R. § 54.709(a)(3), "[i]f the Commission take[s] no action within fourteen (14) days of the date of release of the public notice announcing the projections of demand and administrative expenses, the projections of demand and administrative expenses, and the contribution factor shall be deemed approved by the Commission." 47 C.F.R. § 54.709(a)(3). The FCC took no action within 14 days of the September 13 release date, and accordingly the Proposed USF Tax Factor was "deemed approved by the Commission" at the expiry of December 28, 2023.

This Petition is timely filed. "Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the

manner prescribed in chapter 158 of title 28." 47 U.S.C. § 402(a). Chapter 158 of Title 28 provides: "Any party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies." 28 U.S.C. § 2344. The FCC's regulation on filing petitions seeking review of FCC action, *see* 47 C.F.R. 1.13, states that the clock starts on "the date of public notice as defined in [47 C.F.R.] § 1.4(b)," but § 1.4(b) does not appear to cover the scenario where a proposal is "deemed approved" by the FCC without a separate action, as occurred here. It is standard administrative practice, however, that in such scenarios the petition deadline starts to run upon the date when the action was deemed approved. *See, e.g.*, *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (*en banc*). In an abundance of caution, however, Petitioners have filed this Petition within sixty days of *both* the release date of the Proposed USF Tax Factor *and* the FCC's subsequent Approval—rendering this Petition timely under any view.

To date, no court has addressed the validity of this particular Approval or Proposed USF Tax Factor. Jurisdiction and venue are proper under 47 U.S.C. § 402 and 28 U.S.C. §§ 2342 and 2343, because Petitioners are adversely affected by actions challengeable under 28 U.S.C. § 2342, *see also* 5 U.S.C. § 551(13), and because Petitioners Kersten Conway (League City, Texas), Suzanne Bettac (San Antonio, Texas), Robert Kull (San Antonio, Texas), Kwang Ja Kirby (San Antonio,

Texas), and Tom Kirby (San Antonio, Texas) reside in this Circuit, *see* 28 U.S.C. § 2343.

Petitioners seek review of the Approval and the Proposed USF Tax Factor on the grounds that they exceed the FCC's statutory authority and violate the Constitution and other federal laws, including:

(1)   Congress's standardless delegation to the FCC of legislative authority to raise and spend nearly unlimited money via the Universal Service Fund violates Article I, section 1 of the U.S. Constitution.

(2)   To the extent Congress permitted the FCC to re-delegate (or de facto re-delegate) to a private company the authority to raise and spend nearly unlimited money via the Universal Service Fund, Congress unconstitutionally delegated its legislative power to a private entity—the Universal Service Administrative Company ("USAC")—in contravention of Article I, section 1 of the Constitution.

(3)   The revenues raised for the Universal Service Fund pursuant to 47 U.S.C. § 254 are taxes and therefore Congress's standardless delegation to the FCC of authority to raise and spend nearly unlimited taxes violates Article I, section 8 of the U.S. Constitution.

(4)   To the extent Congress permitted the FCC to re-delegate (or de facto re-delegate) to USAC the authority to raise and spend nearly unlimited taxes for FCC-defined "universal service," Congress unconstitutionally delegated its taxing

4

power to a private entity in contravention of Article I, section 8 of the Constitution. And the FCC subsequently delegated its Article II executive power to a private entity.

(5) To the extent Congress did *not* to permit the FCC to delegate to a private company the authority to raise and spend nearly unlimited money for FCC-defined "universal service," the FCC's subsequent re-delegation to USAC is beyond the FCC's lawful statutory authority, regardless of whether the charges are deemed to be "taxes."

(6) If USAC is determined *not* to be a private entity, and to the extent Congress permitted the FCC Chair to appoint USAC board directors, Congress violated the Constitution's Appointments Clause.

(7) To the extent Congress did *not* statutorily permit the FCC Chair to appoint USAC board directors, the FCC has acted in excess of its statutory authority in doing so.

(8) The USF Tax Factor is a binding legislative rule, but the FCC did not comply with the APA's requirements for rulemaking, nor with the Federal Register Act's requirements for publication.

(9) The FCC's action and inaction are otherwise contrary to law.

Petitioners reserve the right to modify, add, or abandon grounds.

Petitioners respectfully request that this Court (1) grant the Petition and hold that the Approval and the Proposed USF Tax Factor are unlawful; (2) vacate, enjoin, and set them aside; and (3) provide such other relief as this Court deems appropriate.

Dated: December 31, 2023                                  Respectfully submitted,

<u>/s/ R. Trent McCotter</u>

R. TRENT MCCOTTER
  *Counsel of Record*
JONATHAN BERRY
MICHAEL BUSCHBACHER
JARED M. KELSON
BOYDEN GRAY PLLC
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

# CERTIFICATE OF SERVICE

I certify that on December 31, 2023, the foregoing Petition for Review was electronically filed with the United States Court of Appeals for the Fifth Circuit using the CM/ECF system.

I further certify that I will timely email a copy of the date-stamped Petition to LitigationNotice@fcc.gov. *See* 47 C.F.R. § 1.13(a)(1).

I will also cause a copy of the date-stamped Petition to be sent via certified mail to:

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Marlene H. Dortch, Secretary
Federal Communications Commission
Office of the Secretary
45 L Street NE
Washington, DC 20554

    Respectfully submitted,

    /s/ R. Trent McCotter

    *Counsel for Petitioners*

# Ex. A

# PUBLIC NOTICE

**Federal Communications Commission**
45 L St., N.E.
Washington, D.C. 20554

News Media Information 202 / 418-0500
Internet: http://www.fcc.gov
TTY: 1-888-835-5322

DA 23-1156
Released: December 14, 2023

**Proposed First Quarter 2024 Universal Service Contribution Factor**

CC Docket No. 96-45

In this Public Notice, the Office of Managing Director (OMD) announces that the proposed universal service contribution factor for the first quarter of 2024 will be 0.346 or 34.6 percent.[1]

**Rules for Calculating the Contribution Factor**

Contributions to the federal universal service support mechanisms are determined using a quarterly contribution factor calculated by the Federal Communications Commission (Commission).[2] The Commission calculates the quarterly contribution factor based on the ratio of total projected quarterly costs of the universal service support mechanisms to contributors' total projected collected end-user interstate and international telecommunications revenues, net of projected contributions.[3]

**USAC Projections of Demand and Administrative Expenses**

Pursuant to section 54.709(a)(3) of the Commission's rules,[4] the Universal Service Administrative Company (USAC) submitted projections of demand and administrative expenses for the first quarter of 2024.[5] Accordingly, the projected demand and expenses are as follows:

---

[1] *See* 47 C.F.R. § 54.709(a).

[2] *See id.*

[3] *See* 47 C.F.R. § 54.709(a)(2).

[4] *See* 47 C.F.R. § 54.709(a)(3).

[5] *See* Federal Universal Service Support Mechanisms Fund Size Projections for the First Quarter 2024, available at <https://www.usac.org/fcc-filings> (filed November 2, 2023) (*USAC Filing for First Quarter 2024 Projections*; *See also* Federal Universal Service Support Mechanisms Quarterly Contribution Base for the First Quarter 2024, available at <https://www.usac.org/fcc-filings> (filed December 1, 2023) (*USAC Filing for First Quarter 2024 Contribution Base*).

($ millions)

| Program Demand | Projected Program Support | Admin. Expenses | Application of True-Ups & Adjustments | Total Program Collection (Revenue Requirement) |
|---|---|---|---|---|
| Schools and Libraries | 631.45 | 21.17 | (17.66) | 634.96 |
| Rural Health Care | 162.92 | 7.67 | (1.99) | 168.60 |
| High-Cost | 1,077.29 | 19.52 | (6.60) | 1,090.21 |
| Lifeline | 265.95 | 23.18 | (63.66) | 225.47 |
| Connected Care | 0 | 0 | (0.51) | (0.51) |
| TOTAL | 2,137.61 | 71.54 | (90.42) | 2,118.73 |

**USAC Projections of Industry Revenues**

USAC submitted projected collected end-user telecommunications revenues for January 2024 through March 2024 based on information contained in the First Quarter 2024 Telecommunications Reporting Worksheet (FCC Form 499-Q).[6] The amount is as follows:

Total Projected Collected Interstate and International End-User Telecommunications Revenues for First Quarter 2024: $8.313338 billion.

**Adjusted Contribution Base**

To determine the quarterly contribution base, we decrease the first quarter 2024 estimate of projected collected interstate and international end-user telecommunications revenues by the projected revenue requirement to account for circularity and decrease the result by one percent to account for uncollectible contributions. Accordingly, the quarterly contribution base for the first quarter of 2024 is as follows:

Adjusted Quarterly Contribution Base for Universal Service Support Mechanism

(First Quarter 2024 Revenues - Projected Revenue Requirement) * (100% - 1%)

= ($8.313338 billion – $2.118730 billion) * 0.99

---

[6] *USAC Filing for First Quarter 2024 Contribution Base* at 4.

=$6.132662 billion.

**Unadjusted Contribution Factor**

Using the above-described adjusted contribution base and the total program collection (revenue requirement) from the table above, the proposed unadjusted contribution factor for the first quarter of 2024 is as follows:

Contribution Factor for Universal Service Support Mechanisms

Total Program Collection / Adjusted Quarterly Contribution Base

=$2.118730 billion / $6.132662 billion

=0.345483

**Unadjusted Circularity Factor**

USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter. Accordingly, the proposed unadjusted circularity factor for the first quarter of 2024 is as follows:

Unadjusted Circularity Factor for Universal Service Support Mechanisms

= Total Program Collection / Projected First Quarter 2024 Revenues
= $2.118730 billion / $8.313338 billion
= 0.254859

**Proposed Contribution Factor**

The Commission has directed OMD to announce the contribution factor as a percentage rounded up to the nearest tenth of one percent.[7] Accordingly, the proposed contribution factor for the first quarter of 2024 is as follows:

---

[7] *See Federal-State Joint Board on Universal Service, 1998 Biennial Regulatory Review – Streamlined Contributor Reporting Requirements Associated with Administration of Telecommunications Relay Service, North American Numbering Plan, Local Number Portability, and Universal Service Support Mechanisms, Telecommunications Services for Individuals with Hearing and Speech Disabilities, and the Americans with Disabilities Act of 1990, Administration of the North American Numbering Plan and North American Numbering Plan Cost Recovery Contribution Factor and Fund Size, Number Resource Optimization, Telephone Number Portability, Truth-in-Billing and Billing Format*, CC Docket Nos. 96-45, 98-171, 90-571, 92-237, 99-200, 95-116, 98-170, Order and Second Order on Reconsideration, 18 FCC Rcd 4818, 4826, para. 22 (2003) (*Second Order on Reconsideration*).

34.6%

**Proposed Circularity Discount Factor**

The Commission also has directed OMD to account for contribution factor rounding when calculating the circularity discount factor.[8] Accordingly, the proposed circularity factor for the first quarter of 2024 is as follows:

0.255973[9]

**Conclusion**

If the Commission takes no action regarding the projections of demand and administrative expenses and the proposed contribution factor within the 14-day period following release of this Public Notice, they shall be deemed approved by the Commission.[10] USAC shall use the contribution factor to calculate universal service contributions for the first quarter of 2024. USAC will reduce each provider's contribution obligation by a circularity discount approximating the provider's contributions in the upcoming quarter.[11] USAC includes contribution obligations less the circularity discount in invoices sent to contributors. Contribution payments are due on the dates shown on the invoice. Contributors will pay interest for each day for which the payments are late. Contributors failing to pay contributions in a timely fashion may be subject to the enforcement provisions of the Communications Act of 1934, as amended, and any other applicable law. In addition, contributors may be billed by USAC for reasonable costs of collecting overdue contributions.[12]

We also emphasize that carriers may not mark up federal universal service line-item amounts above the contribution factor.[13] Thus, carriers may not, during the first quarter of 2024, recover through a federal universal service line item an amount that exceeds 34.6 percent of the interstate telecommunications charges on a customer's bill.

---

[8] *Id*.

[9] The proposed circularity discount factor = 1 + [(unadjusted circularity discount factor – 1) * (unadjusted contribution factor / proposed contribution factor)]. The proposed circularity discount factor is calculated in a spreadsheet program, which means that internal calculations are made with more than 15 decimal places.

[10] *See* 47 C.F.R. § 54.709(a)(3).

[11] USAC will calculate each individual contributor's contribution in the following manner: (1-Circulatory Factor) * (Contribution Factor*Revenue)

[12] *See* 47 C.F.R. § 54.713.

[13] *See* 47 C.F.R. § 54.712.

4

In addition, under the limited international revenues exception (LIRE) in section 54.706(c) of the Commission's rules, a contributor to the universal service fund whose projected collected interstate end-user telecommunications revenues comprise less than 12 percent of its combined projected collected interstate and international end-user telecommunications revenues shall contribute based only on projected collected interstate end-user telecommunications revenues, net of projected contributions.[14] The rule is intended to exclude from the contribution base the international end-user telecommunications revenues of any entity whose annual contribution, based on the provider's interstate and international end-user telecommunications revenues, would exceed the amount of its interstate end-user revenues.[15] The proposed contribution factor exceeds 12 percent, which we recognize could result in a contributor being required to contribute to the universal service fund an amount that exceeds its interstate end-user telecommunications revenue. Should a contributor face this situation, the contributor may petition the Commission for waiver of the LIRE threshold.[16]

For further information, contact Thomas Buckley at (202) 418-0725 or Kim Yee at (202) 418-0805, TTY (888) 835-5322, in the Office of Managing Director.

---

[14] *See* 47 C.F.R. § 54.706.

[15] *See Federal-State Joint Board on Universal Service*, Sixteenth Order on Reconsideration, CC Docket No. 96-45, Eighth Report and Order, CC Docket No. 96-45, Sixth Report and Order, Docket No. 96-262, 15 FCC Rcd 1679, 1687-1692, paras. 17-29 (1999) (*Fifth Circuit Remand Order*).

[16] Generally, the Commission's rules may be waived for good cause shown. 47 C.F.R. § 1.3. The Commission may exercise its discretion to waive a rule where the particular facts make strict compliance inconsistent with the public interest. *Northeast Cellular Telephone Co. v. FCC*, 897 F.2d 1164, 1166 (D.C. Cir. 1990) (*Northeast Cellular*). In addition, the Commission may consider considerations of hardship, equity, or more effective implementation of overall policy on an individual basis. *WAIT Radio v. FCC*, 418 F.2d 1153, 1159 (D.C. Cir. 1969); *Northeast Cellular*, 897 F.2d at 1166. Waiver of the Commission's rules is therefore appropriate only if special circumstances warrant a deviation from the general rule, and such deviation will serve the public interest. *Northeast Cellular*, 897 F.2d at 1166; 47 C.F.R. § 54.802(a).